86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin CLARK; Shirley Y. CLARK, Plaintiffs-Appellants,
v.
CITY OF PORTLAND; Portland Sewerage Systems Administrator,
Mid-County Sewer Project; Portland Environmental
Services Bureau; Bonnie Morris; Scott
L. Turpen; Janet Snook,
Defendants-Appellees.
 No. 95-35062.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin and Shirley Y. Clark ("Clarks") appeal the district court's dismissal for failure to state a claim in their 42 U.S.C. § 1983 action in which the Clarks alleged that the City of Portland and others violated their rights to due process and equal protection in resolving a dispute over their sewer system. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review a district court's dismissal for failure to state a claim de novo. Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir.1989). Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant must be given leave to amend the complaint before dismissal. Id. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Here, the Clarks alleged in their complaint that defendants deprived them of their right to equal protection and due process because they failed to provide the Clarks with a monetary adjustment which they were entitled to pursuant to local regulations. The Clarks alleged that the City failed to hold a hearing as required under the regulations, and that other residents had received this adjustment.
 
 
 5
 The district court dismissed the action because the Clarks failed to identify a constitutionally protected property or liberty interest of which they were deprived. See Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972) (holding that showing a constitutionally protected liberty or property interest is a threshold requirement to a due process claim); Wedges/Ledges of California v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994) (same).
 
 
 6
 Nonetheless, because it is not absolutely clear that no amendment would have enabled the Clarks to allege a constitutional violation, the district court erred by dismissing this claim without providing the Clarks with the opportunity to amend their complaint. See Sands, 886 F.2d at 1172; Karim-Panahi, 839 F.2d at 624-25. Accordingly, we vacate the dismissal and remand for the district court to provide specific notice of the complaint's deficiencies and an opportunity to amend. See Sands, 886 F.2d at 1172.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3